IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| LARRY DELEON CASEY | § | |
| v. | § | CIVIL ACTION NO. 6:05cv24 |
| DIRECTOR, TDCJ-CID | § | |

<u>MEMORANDUM ADOPTING REPORT AND RECOMMENDATION</u>
<u>OF THE UNITED STATES MAGISTRATE JUDGE</u>
<u>AND ENTERING FINAL JUDGMENT</u>

The Petitioner Larry Casey, proceeding *pro se*, filed this application for the writ of habeas corpus under 28 U.S.C. §2254 complaining of the legality of prison disciplinary action taken against him.  This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Casey challenged the validity of a disciplinary case which he received for commission of a felony, in the form of solicitation of murder and capital murder.  As punishment for the disciplinary action, Casey received 45 days of cell and commissary restrictions, 15 days of solitary confinement, reduction in classification status, and the loss of 21,513 days of good time.

In his petition, Casey says that his right to due process was violated when he was denied access to a witness and to the charging officer, the charging officer wrote the disciplinary case off the criminal indictment which Casey had received over the same incident, without knowledge of the incident itself, he presented evidence which was disregarded, the incident occurred at the Wynne Unit, but that unit "refused jurisdiction" so the case was prosecuted at the Michael Unit, and he was denied equal protection in that an indictment from Walker County was used to support a disciplinary case in Anderson County.  Casey also asserted that the indictment was used as the basis of the disciplinary case against him, but an indictment is not proof of guilt.

1

The Respondent was ordered to answer Casey's petition and did so. The Respondent also furnished a copy of the state court records. Casey did not file a response to the answer.

After review of the pleadings and records in the case, the Magistrate Judge issued a Report on June 3, 2005, recommending that the petition be dismissed. Relying on Sandin v. Conner, 115 S.Ct. 2293 (1995), the Magistrate Judge concluded that Casey had not shown that the disciplinary case deprived him of a constitutionally protected liberty interest. The Magistrate Judge stated that the punishments of cell and commissary restrictions, 15 days of solitary confinement, and reduction in classification status did not exceed Casey's sentence in such an unexpected manner as to give rise to protection by the Due Process Clause of their own force, nor do they impose upon Casey a significant and atypical hardship in relation to the ordinary incidents of prison life. Sandin, 115 S.Ct. at 2301; Malchi v. Thaler, 211 F.3d 953, 959 (5th Cir. 2000).

With regard to the loss of good time, the Magistrate Judge stated that under certain circumstances, the loss of good time could inflict a punishment imposing an atypical and significant hardship upon an inmate, because the loss of such time could result in the denial of a liberty interest in early release from prison. This condition exists where an inmate is eligible for release on mandatory supervision. *See* Madison v. Parker, 104 F.3d 765 (5th Cir. 1997) (release on mandatory supervision is arguably a liberty interest in the State of Texas).

In this instance, however, the Magistrate Judge noted that Casey is not eligible for release on mandatory supervision because he is serving two concurrent life sentences, and inmates serving life sentences are not eligible for release on mandatory supervision because the calculation of the eligibility date is mathematically impossible. Arnold v. Cockrell, 306 F.3d 277 (5th Cir. 2002); Ex Parte Franks, 71 S.W.3d 327, 328 (Tex.Crim.App. 2001) (*en banc*).

Hence, the loss of good time could only affect Casey's possible eligibility for parole. The Fifth Circuit has expressly held that there is no constitutional right to release on parole in the State of Texas. Creel v. Keene, 928 F.2d 707, 708-09 (5th Cir. 1991); Allison v. Kyle, 66 F.3d 71, 74 (5th Cir. 1995). Under these circumstances, the loss of good time credits do not affect a

constitutionally protected right, but only the "mere hope" of release on parole. This hope is not protected by due process. *See* Greenholtz v. Inmates of Nebraska Penal and Correctional Complex, 442 U.S. 1, 11 (1979); *accord*, Gilbertson v. Texas Board of Pardons and Paroles, 993 F.2d 74, 75 (5th Cir. 1993).

In addition, the timing of Casey's release is too speculative to give rise to a constitutionally protected liberty interest. Malchi, 211 F.3d at 959. Consequently, the Magistrate Judge concluded that Casey failed to show the deprivation of a constitutionally protected liberty interest, and so recommended that his petition be dismissed.

Casey filed objections to the Magistrate Judge's Report on June 15, 2005. These objections assert first that the Magistrate Judge incorrectly stated the date of the disciplinary case, in that he was convicted on January 8, 2004, rather than February 10, 2004, which was actually the date of his Step One grievance. This objection is accurate but does not affect any substantive rights at issue in this case.

Next, Casey complains that the Magistrate Judge omitted three grounds for relief, which were attached to an additional page on his complaint. These grounds for relief include claims that he was not given Miranda warnings by the disciplinary officers, he was denied equal protection in the loss of educational good-time credits, and he was denied equal protection in his grievance appeal by Warden Thompson due to a conflict of interest. None of these grounds for relief show that a protected liberty interest was violated by the disciplinary case.

Casey goes on to complain that he did not know that he could file a response to the answer because he thought that he was restricted from doing so unless the court ordered him to file one. He makes no showing that he could have raised meritorious points in such a reply had he filed one.

In his next objection, presumably a point he would have raised had he responded to the answer, Casey says that the Respondent is engaged in "obvious deceit." Specifically, Casey says that at the time of the conviction on his disciplinary case, in January of 2004, he had not yet received

the two concurrent life sentences, which he got in October of 2004. Thus, he argues that on the day of the disciplinary hearing, he did have a liberty interest in the 21,513 days of good time, because he was entitled to release on mandatory supervision and in fact had an "unconditional discharge date" of February 16, 2006.[1]

At the time that Casey signed his federal habeas corpus petition, however, in January of 2005, any liberty interest which he had possessed in release on mandatory supervision had been extinguished by the convictions which he received in October of 2004. Thus, the disciplinary case deprived him of nothing except for a possibility of early release which ceased to exist before it ever came to fruition. Thus, a judgment in his favor, restoring this lost good time, would not advance any constitutionally protected interest. Although Casey says that he "fully believes" that he will be exonerated on appeal from the life sentences, his speculation in this regard is not sufficient to give rise to a constitutionally protected interest in a mandatory supervision release that may never occur. Malchi, 211 F.3d at 959.

Casey next argues that the Magistrate Judge missed the "true theme" of the case, which is one of "actual innocence." He says that there is no statute that allows prison officials to falsify offense reports or manufacture felony charges. However, the true theme of the case, contrary to Casey's claims, is that he has not shown that the actions taken against him deprived him of a constitutionally protected liberty interest. Furthermore, "actual innocence" is not in and of itself a basis for habeas corpus relief, absent an independent constitutional violation. Dowthitt v. Johnson, 230 F.3d 733, 742 (5th Cir. 2000); Townsend v. Sain, 83 S.Ct. 745, 759 (1963). Casey has not shown an independent constitutional violation because he has not shown the infringement of a constitutionally protected liberty interest. His claim on this point is without merit.

---

[1] Casey characterizes this date as an "unconditional discharge date" and not a mandatory supervision release date.

Finally, Casey says that the Magistrate Judge refuses to recognize a prison disciplinary proceeding as a "form of state court proceeding." Because the disciplinary case "establishes him as a felony suspect," Casey says, he is entitled to all of the protections which are due to felony defendants.

However, Casey overlooks the fact that a prison disciplinary proceeding is not a criminal proceeding, and so the due process rights accorded to criminal defendants do not apply. *See* Baxter v. Palmigiano, 425 U.S. 308, 315 (1976); United States v. Gouveia, 467 U.S. 180, 185 n.1, 104 S.Ct. 2292, 2295 n.1 (1984). While Casey was entitled to all applicable due process protections in his felony criminal trials, the same standards do not apply to prison disciplinary cases; similarly, he cannot challenge the process which he received in his criminal trials under the guise of challenging his disciplinary case. To the extent that Casey believes that he was denied due process in his criminal trials, that is a separate issue, and one which he must raise in a separate proceeding.[2] The Court offers no opinion as to the validity of any challenges which Casey may have to his felony convictions. His objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings in this cause, including the original petition, the answer filed by the Respondent, the state records, the Report of the Magistrate Judge, the Petitioner's objections thereto, and all other pleadings, documents, and records in the case. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Petitioner's objections are without merit. It is accordingly

ORDERED that the Petitioner's objections are overruled and that the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

---

[2] Casey indicates that his appeal of his criminal convictions is still pending, and so he necessarily has not exhausted his state remedies on any claims relating to these convictions.

ORDERED that the above-styled application for the writ of habeas corpus be and hereby is DISMISSED with prejudice. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**So ORDERED and SIGNED this 26th day of August, 2005.**

_____
**LEONARD DAVIS
UNITED STATES DISTRICT JUDGE**